UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEVON STERLING, | ) |
|          Petitioner, | ) ) ) |
| v. | )   No. 1:19-cv-04400-JRS-MJD |
| DUSHAN ZATACKY Warden, | ) ) ) |
|          Respondent. | ) |

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate Devon Sterling petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in disciplinary case number ISR 19-05-0099. For the reasons explained in this Order, Mr. Sterling's habeas petition must be **denied**.

**A.   Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

**B.     The Disciplinary Proceeding**

On May 9, 2019, Indiana Department of Correction (IDOC) Correctional Officer Ruiz wrote a Report of Conduct charging Mr. Sterling with battery, a violation of the IDOC's Adult Disciplinary Code offense A-102. The Report of Conduct states:

> On 05/08/2019 at approximately 3:45pm, I, Officer Ruiz asked Offender Sterling, Devon #195919 to cuff up to go inside he stated that he only wanted cuffed in the front. I told him that would not happen. Sterling then refused to cuff up so I walked to the next occupied cell and asked the next offender to cuff up, he refused. I then advised my fellow staff that sterling does not get cuffed from the front, he only gets cuffed from the back One of the Officers then opened his cuff port to persuade him to cuff up but Offender Sterling then grabbed the cuff port hatch and took it hostage. I then walked over to the cuff port quickly and Offender Sterling then pulled his hand in. I then closed the cuff port with my hand and turned to talk back to the other cells and Offender Sterling spit directly on my right cheek. Sargent Warner then immediately sprayed Offender Sterling to change his thought process. Yard staff was then called and informed of the situation. Yard staff arrived and escorted Offender Sterling to the shower and was read the OC Administrative warning.

Dkt. 10-1 (all errors in original).

Mr. Sterling was notified of the charge on May 23, 2019, when he received the Screening Report and a copy of the conduct report. Dkt. 10-3. He pled not guilty to the charge, asked for three witness statements, requested that IDOC's Investigations and Intelligence office conduct an investigation, and asked for DNA testing and the video surveillance recording of the incident. *Id.*

A hearing was held on October 13, 2014. After considering Mr. Sterling's statement and the staff reports, the hearing officer found Mr. Sterling guilty of disorderly conduct. The sanctions imposed included a sixty-day earned-credit-time deprivation, a credit class demotion, and the imposition of a suspended sanction from another disciplinary action.

Mr. Sterling appealed to the Facility Head and the IDOC Final Reviewing Authority, but both appeals were denied. Dkts. 10-11 & 10-12. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Warden has responded and Mr. Sterling has replied.

### C. Analysis

In his petition, Mr. Sterling presents five grounds for habeas corpus relief: (1) the denial of two requested witnesses; (2) video evidence was not provided; (3) the disciplinary hearing officer violated IDOC policy by not holding the hearing within seven days and then backdating records; (4) two requested witness statements were not provided to him until the end of the disciplinary hearing; and (5) the disciplinary hearing officer also served as the investigator of the incident. Mr. Sterling notes that he did not present his first ground for relief in his administrative appeals because he made an "honest mistake." Dkt. 1 at 6-7.

#### 1. Procedural Default

The Warden contends that Mr. Sterling presented only two grounds for relief during his administrative appeals and that all other grounds are procedurally defaulted. Dkt. 10 at 7. Specifically, the Warden contends that Mr. Sterling did not exhaust his administrative remedies on Grounds 1, 2, and 5, and therefore these issues may not be considered by the Court. *Id.* at 7-8. Mr. Sterling, in reply, does not address and therefore does not refute the Warden's contention that Mr. Sterling has procedurally defaulted these three claims. Dkt. 13.

In Mr. Sterling's administrative appeals, he argued that the disciplinary hearing officer did not provide two witness statements to him until the end of the hearing, which did not allow him to prepare his defense (Ground 4 of the instant petition), and that the disciplinary hearing officer violated IDOC policy by not holding the hearing within the required time (Ground 3 of the instant petition). Dkt. 10-11. The administrative appeal does *not* include any argument or reference to the hearing officer's failure to provide the statements of Mr. Sterling's other two requested witnesses, the video recording, or the hearing officer's impartiality. *Id.*

The exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A) applies to prison disciplinary actions and the administrative appeals process even though the statute uses the word "courts." This is because "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). To meet this requirement, a habeas corpus petitioner "must raise the issue at each and every level in the state court system[.]" *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004). The result of the exhaustion requirement means that in Indiana, only the issues raised in a timely appeal to the Facility Head (the Warden or his designee) and then to the IDOC Appeals Review Officer or Final Reviewing Authority may be raised in a subsequent petition for writ of habeas corpus. *See* § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002).

The consequence of Grounds 1, 2, and 5 not being presented to IDOC appeal authorities during the administrative appeals process means these issues have not been exhausted, and because the time for pursuing an administrative appeal on these issues has passed, they are procedurally defaulted and may not be considered by the Court. Accordingly, habeas corpus relief on Grounds 1, 2, and 5 is **denied**.

### 2. Ground 3

In his third ground for relief, Mr. Sterling argues that he was denied due process when the disciplinary hearing officer failed to follow IDOC policies concerning the time frame in which the disciplinary hearing should have been held. Dkt. 1 at 5. Unfortunately for Mr. Sterling, the violation of a state law, rule, regulation, policy, or procedure does not, without more, violate federal due process protections. Mr. Sterling has not argued, either in his petition or his reply, how holding the hearing outside of the IDOC policy requirements prejudiced him or his defense.

Relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy, such as the argument Mr. Sterling makes here, are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 Fed. Appx. 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import – and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief."). Accordingly, Mr. Sterling is not entitled to relief on this basis, and Ground 3 of the petition for a writ of habeas corpus is **denied**.

### 3. Ground 4

Mr. Sterling's fourth ground for relief argues that he was denied due process when the two witness statements that he requested were not provided to him until the end of the hearing at which time he had no opportunity to prepare his defense. Dkt. 1 at 6. He argues that IDOC policy was violated when the statements were not provided to him before the hearing, but as discussed in the preceding section, violations of policy do not violate federal due process protections.

Offender Dustin A. Stafford provided a written statement about what he saw during the incident, which in pertinent part states:

> If any spit got on the officer it was not intentional they were yelling face to face with the cage in between them and as both the officer and Sterling were yelling spit was coming out of (both) of their mouths. It wasn't a big wad of spit but little specs as they were yelling.
> At no time did offender Devon Sterling 195919 intentionally spit on the officer or [commit] an A-102 assault on staff.

Dkt. 10-9 [sic].

Offender Jacob Lamb also provided a written statement about what he saw, which states in pertinent part:

> Sterling turned around and started arguing about the situation he never spit on any officer their [sic] is the possibility that he accidentally got spit on the c/o from yelling but never was it intentional if it happened or malicious.

Dkt. 10-10.

Neither of these witness statements contain exculpatory evidence that would have changed the outcome of the disciplinary hearing. Both contain opinion statements – that spit that landed on the officer's face was not intentional. One statement acknowledges that spit landed on the officer's face, and the other acknowledges that spit possibly landed on the officer's face. The disciplinary hearing report shows that the statements were considered by the hearing officer in reaching his decision. Dkt. 10-6.

Prison disciplinary proceedings afford the limited due process protections defined in *Hill*, 472 U.S. at 454, and *Wolff,* 418 U.S. at 563-67, but otherwise generally do not provide the same protections or due process of a criminal prosecution. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. "[O]ne cannot automatically apply procedural rules designed for free citizens in an open society, or for parolees or probationers under only limited restraints, to the very different situation presented by a disciplinary proceeding in a state prison." *Id.* at 560.

6

Mr. Sterling did not have a federal due process right to receive non-exculpatory witness statements in advance of the disciplinary hearing. As just noted, the statements contained no exculpatory evidence that would have dictated a different result, they were considered by the disciplinary hearing officer, and, moreover, Mr. Sterling has not argued what he would have done with the statements to show the hearing officer that he was not guilty of the charged offense.

Finally, even if the witness statements should have been provided to Mr. Sterling before the end of the hearing, in this case it was harmless because nothing in the statements would negate the evidence relied on by the hearing officer. *See Jones v. Cross*, 637 F.3d 841, 846-47 (7th Cir. 2011) (citing *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (applying harmless error analysis to prison disciplinary proceedings)).

Habeas corpus relief on Ground Four is **denied**.

### D.     Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Sterling to the relief he seeks. Accordingly, Mr. Sterling's petition for a writ of habeas corpus is **denied** and the action **dismissed** with prejudice. Final judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 9/18/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Devon Sterling
195919
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064

Courtney Lyn Abshire
courtney.abshire@atg.in.gov

Frances Hale Barrow
Indiana Attorney General
frances.barrow@atg.in.gov